IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALOHA AIRLINES, INC. a Hawai'i Corporation, and ALOHA AIR GROUP, INC., a Hawai'i Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>MESA AIR GROUP, INC., a Nevada Corporation, CHARLES D. LAURITSEN, JOE BLOCK, AND DOES 1-100,<br><br>Defendants. | ) | CV. NO. 07-00007 DAE-BMK |

ORDER DENYING DEFENDANTS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendants' Mesa Air Group, Inc., et al. ("Mesa") Motion to Certify Order for Interlocutory Appeal and the supporting and opposing memoranda, the Court DENIES Mesa's Motion.

## BACKGROUND

On January 9, 2007, Plaintiffs, Aloha Airlines, Inc. and Aloha Air Group, Inc. ("Aloha"), brought suit against Mesa alleging attempted monopolization, challenging Mesa's predatory pricing in violation of the Sherman Act, 15 U.S.C. § 2, and contract claims for breaching confidentiality agreements and defrauding Aloha.  Aloha claims that Mesa sought to drive it out of business with below-market costs to monopolize the market and that Mesa misused confidential information, in violation of the confidentiality agreements, to accomplish that goal.

On January 29, 2007, Mesa filed a Motion to Dismiss Aloha's three state law claims.  Aloha opposed that Motion on February 22, 2007, and Mesa filed its Reply on March 1, 2007.  On March 19, 2007, following a hearing on the Motion to Dismiss, the Court denied it.  Because the Court's Order Denying Defendants' Motion to Dismiss was going to be published, the Court filed an Amended Order, correcting three typographical errors.  No substantive changes were made.  On April 13, 2007, Mesa filed a Motion to Certify Order for

Interlocutory Appeal, pursuant to 28 U.S.C. § 1292(b). On May 7, 2007, Aloha opposed that Motion, and, on May 18, 2007, Mesa filed its Reply.[1]

STANDARD OF REVIEW

A district court has discretion under 28 U.S.C. § 1292(b) to certify a ruling for interlocutory appeal when it (1) "involves a controlling question of law," (2) "there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." See Yamamoto v. Omiya, 564 F.2d 1319, 1325 n.11 (9th Cir. 1977) (noting that interlocutory appeals are permissive rather than mandatory). If the district court grants certification, the interlocutory appeal still must be certified by

---

[1] Mesa argues that the Court should strike Aloha's Opposition because it was filed 24 days after the motion was served. (Reply at 1 n.1.) Under Local Rule 7.4, oppositions to non-hearing motions must be filed within 11 days of service of the motion. On April 26, 2007, the Court took the instant matter under advisement, using its discretion to decide the instant matter without a hearing. See Local Rule 7.2(d). Mesa appears to be under the impression that motions to certify issues for interlocutory appeal are non-hearing motions under Local Rule 7.2(e) because Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 54(b) controls. Fed. R. Civ. P. 54(b) involves finality of judgments against multiple claims or multiple parties, not certification of questions for interlocutory appeal. As such, whether or not Mesa's Motion would be heard was unclear until the Court took the matter under advisement. As Aloha neither had a hearing date from which to determine when to file its Opposition nor notice that the Motion would be decided as a non-hearing matter until April 26, 2007, Aloha's filing of its Opposition on May 7, 2007, within 11 days of the advisement notice, was reasonable. The Court, therefore, shall consider Aloha's Opposition.

the appellate court, which it may choose to do in its discretion. See 28 U.S.C. § 1292(b). The party seeking interlocutory review "'has the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" Coopers & Lybrand v. Livesay, 437 U.S. 463, 474-75 (1978) (quoting Fisons, Ltd. v. United States, 458 F.2d 1241, 1248 (7th Cir. 1972)).

The standard to certify a question of law is high, and a district court generally will not permit such an appeal where it "would prolong the litigation rather than advance its resolution." Syufy Enter. v. Am. Multi-Cinema, Inc., 694 F. Supp. 725, 729 (N.D. Cal. 1988). Indeed, interlocutory appeals are "applied sparingly and only in exceptional cases." United States v. Woodbury, 263 F.2d 784, 788 n.11 (9th Cir. 1959); see also United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966) (finding that the legislative history behind § 1292(b) indicates that it is to be used in extraordinary cases only where such an appeal "might avoid protracted and expensive litigation").

DISCUSSION

Mesa argues that its preemption argument, that is, its argument that the Airline Deregulation Act ("ADA") preempts Aloha's contract and fraud claims, constitutes a controlling question of law that may be resolved without a factual

inquiry. It also contends that there is substantial ground for difference of opinion and that an interlocutory appeal will materially advance the ultimate termination of the litigation. Aloha responds that the preemption question is not a pure question of law because it involves a fact-intensive inquiry and review of the record. It also disputes the existence of a substantial ground for difference of opinion, and it argues that an immediate appeal will not promote the termination of this lawsuit.

The Court agrees with Aloha that the preemption question does not involve a pure question of law and that an immediate appeal will not further the termination of this lawsuit. First, the Court had to make a fact-based inquiry to determine whether the ADA preempted Aloha's state law claims based on the notion that they are only "tenuously, remotely, or peripherally" related to the airlines prices, routes, or services. (See Amended Order at 9.) Although, as Mesa points out, some preemption questions may be proper for interlocutory appeal, see Total T.V. v. Palmer Communications, Inc., 69 F.3d 298 (9th Cir. 1995), not all preemption questions are appropriate for such appeal, particularly those that involve preemption exceptions of a fact-intensive nature. See Ahrenholz v. Bd. of Trustees of Univ. of Ill., 219 F.3d 674, 676-77 (7th Cir. 2000) (noting that a question of law refers to a "pure" question of law that may be made "free from factual contest" and without resort to the record). Indeed, in cases involving the

ADA, courts have recognized that, although preemption issues generally do not involve fact-based inquiries, they "must be decided on a case-by-case basis and sometimes cannot be decided at the pleading stage." Woodson v. US Airways, Inc., 67 F. Supp. 2d 554, 557 (M.D. N.C. 1999); see also Abdu-Brisson v. Delta Air Lines, Inc., 128 F.3d 77, 84 (2d Cir. 1997); Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1433 (7th Cir. 1996) (stating that the court "must examine the underlying facts of each case to determine whether the particular claims at issue 'relate to' airline rates, routes or services"). In Woodson, the court determined that that case presented such a situation. See id. Similarly, here, the Court undertook a fact-specific inquiry to determine that, on the facts of this case, the ADA did not preempt Aloha's state law claims. (See Order at 21.) Consequently, the Court cannot find that the preemption issue involved in this case is one that properly could be characterized as a "pure" question of law.

Still, Mesa argues that "such a fact-intensive analysis is not permitted in ruling on a 12(b)(6) motion." (Reply at 3.) To decide a motion to dismiss, a court must take allegations of fact in the complaint as true and construe them in the light most favorable to the plaintiff. See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005). In doing so, a court necessarily must review the facts of the case and apply the facts to the law to determine

whether the plaintiff fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). Some cases may require more fact-based inquiries than others, and this is one of those cases. To claim that a fact-intensive inquiry is not permitted under Fed. R. Civ. P. 12(b)(6) is misleading, as the Court must analyze the facts pled in relation to the law to reach a determination. A court cannot determine whether a plaintiff has failed to state a claim upon which relief can be granted without looking to the facts in the complaint underlying the claim. To review the law without the facts would be nonsensical and inappropriate.

Second, permitting an interlocutory appeal will not "materially advance" the termination of this lawsuit. See Woodbury, 263 F.2d at 787 (describing the intention of § 1292(b) as a means of expediting litigation of legal questions at the early stages to "end the lawsuit," if favorably decided for the appellant). In the Court's Order, it recognized "that Mesa does not take issue with Aloha's first cause of action concerning attempted monopolization in violation of the Sherman Act." (Amended Order at 6.) The Court, therefore, determined that, "even if this Court were to find that the ADA preempts Aloha's contract and fraud claims, Aloha's first cause of action still would stand." (Id.)

Mesa claims that an immediate appeal "would go a long way toward terminating this litigation because Aloha will not be able to prove essential

elements of that antitrust claim." (Motion at 5.)  Mesa assumes too much.  Mesa's foreboding rests on nothing more than hopeful speculation about the outcome of the lawsuit and, apparently, the summary judgment motion on the Sherman Act claim that Mesa has yet to file and the Court has yet to decide.[2]  Mesa's "market share" arguments not only are improper to consider at this time, but, as Aloha contends, market share is not the only consideration in determining a party's ability "to restrict output or raise prices."  Rebel Oil Co., Inc. v. Atlantic Richfield Co., 51 F.3d 1421, 1438 n.10 (9th Cir. 1995).  Other "telltale factors, such as "entry barriers" and "the capacity of existing competitors to expand output," should be considered as well.  Id.  Mesa's contention that the Ninth Circuit's decision effectively would end the case except for the "mopping up" of Aloha's Sherman Act claim and its characterization of Aloha's claim as "specious" amount to nothing more than a premature presumption of the strength of its case, and, apparently, the weakness of Aloha's.  (Reply at 1.)  Mesa stops short of arguing, improperly at this stage, that Aloha's claim is frivolous.  Mesa attempts to formulate its antitrust argument in its Reply, claiming that the principle factor to consider in attempted monopolization cases is defendant's market share, but, as

---

[2]  Mesa suggests that it plans to file a summary judgment motion on the Sherman Act claim, but it has not done so to date.  Even if it files such a motion, the outcome certainly is not clear.

indicated, the Court will not entertain such an argument at this time. (Reply at 11.) Rather, the Court shall entertain Mesa's arguments against Aloha's antitrust claim if brought (as they properly should be) in a dispositive motion. Without making any determinations as to Aloha's Sherman Act claim, the Court finds that, contrary to Mesa's arguments, Aloha's claim holds as much merit today as it did yesterday. Accordingly, even if the Court were to permit an interlocutory appeal on the preemption issue, the resolution of that issue would not materially advance the ultimate termination of the litigation.

        Mesa also argues on the merits that neither Travel All Over the World nor Woodson address the "binding precedent" of Total TV, 69 F.3d 298, or the persuasive case, Abdullah v. Am. Airlines, Inc., 181 F.3d 363 (3rd Cir. 1999). Total TV did not, however, involve the ADA, which is quite different than the Federal Cable Communications Policy Act and Cable Television Consumer Protection and Competition Act ("Cable Act") at issue in that case. 29 F.3d at 301-03. In that case, the Ninth Circuit found that those acts did not preempt California's Unfair Practices Act. See id. As such, that case serves as binding precedent for cases dealing with Cable Act preemption as the Act relates to unfair competition practices, but not for ADA preemption cases. As mentioned, all preemption cases are not treated in the same manner.

Moreover, Abdullah, involved a post-trial motion, in which Appellants (the airlines) requested dismissal and/or a new trial based on the ground that the Federal Aviation Act, 49 U.S.C. §§ 40101-49105, preempts common law standards of care for pilots, flight attendants, and passengers. See 182 F.3d at 366. That was the only issue certified for interlocutory review, and the only question presented in the post-trial motion. Unlike that case, there remains a claim, i.e., the antitrust claim, that still would proceed to trial here, unless dismissed on a dispositive motion, despite a decision on the preemption issue. The instant case has not advanced to trial, nor has Mesa filed any dispositive motions to dismiss that claim. Thus, unlike in Abdullah, an interlocutory appeal would not materially advance the termination of the lawsuit. Additionally, unlike the question raised in Abdullah, this case does not involve FAA's broad preemption of aviation safety standards, which the Third Circuit found preempted any state or territorial standards of care relating to aviation safety. See id. at 370-71. A question pertaining to preemption of a standard of care – particularly when relating to the legal determination of whether there has been "careless or reckless operation of an aircraft" – more likely could be construed as a pure question of law than a question pertaining to claims "relating to" airline rates, routes or services that, as noted, involve case-by-case, fact-based analyses. 181 F.3d at 372. In other words, the

Ninth Circuit could not make a pure legal ruling on the question presented in this case, as could the Third Circuit in Abdullah, because the legal ruling would depend on the individual facts of the case. Accordingly, contrary to Mesa's contention, Abdullah and Total TV do little to advance its argument for interlocutory appeal.

Because the Court finds that Mesa has failed to meet two prongs of the § 1292(b) certification standard, it need not address whether there is a substantial ground for difference of opinion. The Court, therefore, DENIES Mesa's Motion.

CONCLUSION

For the reasons stated above, the Court DENIES Mesa's Motion to Certify Order for Interlocutory Appeal.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 31, 2007.




David Alan Ezra
United States District Judge

Aloha Airlines, Inc., et al. vs. Mesa Air Group, Inc., et al., Civil No. 07-00007 DAE-BMK; ORDER DENYING DEFENDANTS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL