IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALOHA AIRLINES, INC., a Hawai'i Corporation, and ALOHA AIR GROUP, INC., a Hawai'i Corporation, | ) ) ) | CIVIL NO. CV 07-00007 DAE-KSC |
| | ) ) | FINDINGS AND RECOMMENDATION TO AWARD |
| Plaintiffs, | ) ) | ATTORNEYS' FEES AND COSTS |
| vs. | ) ) ) ) | |
| MESA AIR GROUP, INC., a Nevada Corporation, CHARLES D. LAURITSEN, JOE BOCK, and DOES 1-100. | ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO AWARD
ATTORNEYS' FEES AND COSTS

On January 9, 2007, Aloha Airlines, Inc., a Hawai'i Corporation, and

Aloha Air Group Inc., a Hawai'i Corporation ("Plaintiffs") voluntarily dismissed

their Complaint filed in the First Circuit Court of the State of Hawaii, CV 06-1-

1766-10,  ("State Court Action") against Mesa Air Group, Inc., a Nevada

Corporation, Charles D. Lauritsen, Joe Bock, and Does 1-100 ("Defendants")

without prejudice pursuant to Federal Rule of Civil Procedure ("Rule")

41(a)(1)(A).  On the same day, Plaintiffs filed a Complaint in the United States

District Court for the District of Hawai'i against  Defendants alleging similar

claims to those that it had previously alleged in the State Court Action.

On January 30, 2007, Defendants filed a Motion For Award of Costs

And Stay of Proceedings ("Motion") seeking to recover costs incurred in defending

the State Court Action.  On February 15, 2007, Defendants filed a Supplemental

Memorandum pursuant to Magistrate Judge Barry M. Kurren's February 1, 2007

Order Re Defendant's Motion For Award of Costs and Stay of Proceedings filed

on February 1, 2007.  On March 9, 2007, Plaintiffs filed their Opposition To

Motion For Award of Costs And Stay Of Proceedings ("Opposition").  On

February 20, 2007, Defendants filed their Reply To Plaintiffs' Opposition

("Reply").  The issue before this Court is whether Defendants are entitled to costs

and attorneys' fees and a stay of proceedings under Rule 41(d).           This

matter was designated to this Court by United States District Judge David Alan

Ezra on June 1, 2007.  Pursuant to Local Rule 7.2(d) of the Local Rules of the

United States District Court for the District of Hawaii ("Local Rules"), the Court

finds this matter suitable for disposition without a hearing.  After careful

consideration of the motion, the supporting and opposing memoranda and the

record herein, the Court FINDS and RECOMMENDS that Defendant be awarded

costs and attorneys' fees under Rule 41(d) as follows.

In their Motion, Defendants submit that they are entitled to recover

costs and attorneys' fees pursuant to Rule 41(d), which allows a court, in its

discretion, to order the payment of costs incurred in a previously dismissed action

against the same defendant alleging the same claims.  See Fed. R. Civ. P. 41(d).

Defendants, relying on Esquivel v. Arau, 913 F. Supp. 1382 (D. Cal. 1996), assert

that the Court should use its discretion under Rule 41(d) and award Defendants

only costs and attorneys' fees associated with work done in the State Court Action

that is no longer useful in the present action.  In addition, Defendants request that

the Court stay the proceedings in this Court until such costs and fees are paid.

Defendants maintain that Plaintiffs' State Court Action alleges the same or similar

claims against the same Defendants and that Defendants should be reimbursed for

expenses which were incurred in the State Court Action.

Plaintiffs assert that the Court should deny Defendants' request for

costs and fees because Plaintiffs had a good faith reason for dismissing the State

Court Action.  While Plaintiffs acknowledge that the Court may award costs under

Rule 41(d), Plaintiffs argue that there is no legal basis for awarding attorneys' fees

under Rule 41(d).  See Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868 (6th Cir.

3

2000).  Finally, Plaintiffs argue that the costs itemized by the Defendants are overbroad and some of the work completed for the State Court Action can be used again in the present action.

A. <u>Applicability of Rule 41(d)</u>

Rule 41(d) states:

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

In order for Rule 41(d) to apply, the parties must be the same in both actions and the claims in the new action must be the same or based upon claims in the first action.  Fed. R. Civ. P. 41(d).  <u>See</u> <u>also</u> <u>Esquivel</u>, 913 F. Supp. at 1387(citing <u>Young v. Dole</u>, 1991 U.S. Dist. LEXIS 11290, 1991 WL 158977 (E.D.N.Y. 1991)).  There is no dispute that the parties are the same in both actions. Additionally, the claims made by Plaintiffs in the present lawsuit include four of the same causes of action that were also alleged in the State Court Action.[1]  Thus,

---

[1]The attempted monopolization claim brought in the State Court Action (Claim 2) is the state law version of the attempted monopolization claim brought in the instant federal court action (Claim 1).  <u>Compare</u>  Complaint filed on October 13, 2006 in State Court Action to Complaint filed on January 9, 2007.  The Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing and Fraud claims are nearly identical in both actions.  <u>Compare</u> <u>id.</u>  All claims in both

4

the Court may, in its discretion, award costs incurred by Defendants in the dismissed State Court Action pursuant to Rule 41(d).

Based on the circumstances presented in this case, the Court finds that an award of costs is appropriate.  The Court finds that Defendants should be compensated or reimbursed for certain costs incurred in the State Court Action, as both actions involve the same parties and nearly identical claims.

B.  <u>Inclusion of Attorneys' Fees in Award of Costs</u>

Having found that an award of costs is appropriate in this case,  the Court next  must determine the amount of costs to be awarded.  In particular, the Court must determine whether attorneys' fees are to be included within the award of costs.

Rule 41 vests the court with sound discretion to determine what costs and/or conditions will be imposed on a dismissing party.  <u>See</u> Fed. R. Civ. P. 41. Rule 41(a)(2) allows the court to determine what conditions are proper to impose on the plaintiff when granting a dismissal under Rule 41(a)(2) and those conditions can include the payment of attorney's fees.  <u>See  Stevedoring Services of America v. Armilla International</u>, 889 F.2d 919, 921 (9th Cir. 1989).  Similarly, the plain

_____

actions are based upon the same set of facts.  <u>Compare</u> <u>id.</u>

language of Rule 41(d) gives the court discretion to determine what costs are proper.

Rule 41(d) serves two purposes.  The first purpose is to deter vexatious litigation and forum shopping.  See Simeone v. First Bank National Association, 971 F.2d 103, 108 (8th Cir.1992) (citing James W. Moore et al., 5 Moore's Federal Practice P 41.16 (2d ed. 1992)).  The second purpose is to compensate the defendant for the unnecessary expense of defending against the plaintiff's litigation. See  Esquivel, 913 F. Supp. at 1391.

While the Ninth Circuit has not specifically addressed the issue of whether attorneys' fees should be included as part of an award of costs under Rule 41(d), other courts have addressed the issue.  Some courts do not allow the award of attorneys' fees under Rule 41(d), reasoning that because the plain language of Rule 41(d) does not specifically mention attorneys' fees, attorneys' fees cannot be awarded.  See Rogers, 230 F.3d at 874 (holding that because the plain language of Rule 41(d) does not mention attorney's fees, the court will not read it into the rule); Simeone, 971 F.2d at 103 (holding that the "costs" provision of 28 U.S.C. §1920 dictates the definition of "costs" under Rule 41(d) and therefore does not allow for attorney's fees).  Other courts have awarded attorneys' fees if the underlying substantive law allows for attorneys' fees.  See Anders v. FPA Corp., 1995 U.S.

Dist. LEXIS 19592, 12 (D.N.J. 1995) (holding that attorney's fees will be awarded under Rule 41(d) only if the underlying substantive law provides for them); <u>Civco Medical Instruments Co. v. Protek Medical Prods.</u>, 231 F.R.D. 555, 564 (D. Iowa 2005) (holding that the underlying substantive law needs to specify attorneys' fees in order to award them under Rule 41(d)).  The majority of courts, however, have awarded attorneys' fees under 41(d) outright, recognizing that including attorneys' fees as part of an award of costs is consistent with the purposes of Rule 41(d).  <u>See, e.g.,</u> <u>Zucker v. Katz</u>, 1990 U.S. Dist. LEXIS 1748, 1990 WL 20171 (S.D.N.Y. 1990) (awarding attorneys' fees for court attendance under Rule 41(d)); <u>Whitehead v. Miller Brewing Co.</u>, 126 F.R.D. 581, 582 (D. Ga. 1989) (awarding attorneys' fees for costs reasonably incurred in the prior action noting that Plaintiff abused the judicial processes by refiling the same claims in another court); <u>Esquivel</u>, 913 F. Supp. at 1382 (awarding attorneys' fees when they are reasonably incurred and provide no relief to the present case);  <u>Evans v. Safeway Stores, Inc.</u>, 623 F.2d 121, 122 (8th Cir. 1980)(awarding attorneys' fees incurred in preparation for the trial on the first complaint without discussion); <u>Behrle v. Olshansky</u>, 139 F.R.D. 370, 376 (D. Ark. 1991) (awarding attorneys' fees after noting how unnecessarily long the case went on).

In this case, the Court finds that an award of attorneys' fees to Defendants under Rule 41(d) in this case is consistent with the underlying purposes of the rule.  See Simeone, 971 F.2d at 108 (stating that the purposes of the rule are to deter forum shopping and vexatious litigation and to compensate the defendant for unnecessary expenses); Behrle, 179 F.R.D. at 374 (noting that if  courts were not allowed to assess attorneys' fees under Rule 41(d), and instead had to abide by costs laid out in Rule 54(d) or 28 U.S.C. §1920, the rule would become a "toothless" deterrent because the bill of costs, without attorneys' fees, are typically negligible in comparison).   Specifically, an award of attorneys' fees is warranted in this case to compensate Defendants for the unnecessary expenses incurred in defending the State Court Action.

In Esquivel, the District Court stated "[i]t seems consistent with the overall purpose of Rule 41, therefore, to understand the term 'costs' in Rule 41(d) as a means to designate recovery of litigation-related expenditures as the only 'condition' that a district court has the discretion to impose in situations where Rule 41(d) applies, rather than as a limit on the nature of expenses recoverable." Esquivel, 913 F. Supp. at 1390.  Further, "if Rule 41(d)'s purpose is to prevent undue prejudice to a defendant from unnecessary or vexatious litigation, there does not seem to be a clear reason why Rule 41(d) would provide only for an award of

costs exclusive of attorney's fees, since the typical defendant cannot adequately

defend a case without incurring such fees." Id. at 1391.

This Court is guided by the reasoning in Esquivel, and therefore, the

Court will award Defendants attorneys' fees as part of an award of costs in this

case.

C.  Reasonable Attorneys' Fees

Under Rule 41(d), a court should not award costs associated with past

work that will still be useful to defendants in the present litigation. See Esquivel,

913 F. Supp. at 1388; see also Katen v. Katen, 1995 U.S. Dist. LEXIS 11592

(D.N.C. 1998); Copeland v. Hussmann Corp., 462 F. Supp. 2d 1012 (D. Mo.

2006);  Zucker 1990 U.S. Dist. LEXIS 1748, 1990 WL 20171.   As a result, the

Court will award costs for work completed in the State Court Action that is not

useful in the present federal court action.

In addition to determining what work is not useful in the present

action, the Court must also determine the reasonableness of the fees requested.  A

determination of reasonable attorneys' fees typically begins with the traditional

"lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

The Supreme Court instructs that the most useful starting point to determine a

reasonable fee is "the number of hours reasonably expended multiplied by a reasonable hourly rate." Id.

"After making this computation, the district court then assesses whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of the Kerr factors[2] that are not already subsumed in the initial lodestar calculation[3]." Morales v. City of San Rafael, 96 F.3d 359, 363-64 (9th Cir. 1996)(citations omitted).  There is a strong presumption that the lodestar represents a reasonable fee and it should only be adjusted in rare instances. Id. (citation omitted).

---

[2]    The Kerr factors are (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5)the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir. 1975); cert. denied, 425 U.S. 951 (1976).

[3]    The subsumed factors are: "(1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation...(4) the results obtained," Cabrales v. County of Los Angeles, 864 F.2d 1454, 1464 (9th Cir. 1988).

1.  <u>Reasonable Hourly Rates</u>

Reasonable hourly rates are "calculated according to the prevailing market rates in the relevant community." <u>Blum v. Stenson</u>, 465 U.S. 886, 895 (1984).  In determining a reasonable hourly rate, the district court must consider "'the experience, skill, and reputation of the attorney requesting fees.'" <u>D'Emanuele v. Montgomery Ward & Co., Inc.</u>, 904 F.2d 1379, 1384 (9th Cir. 1990) (quoting <u>Chalmers v. City of Los Angeles</u>, 796 F.2d 1205, 1210 (9th Cir. 1986), amended, 808 F.2d 1373 (9th Cir. 1987)).  In light of these factors, the rate should reflect "the prevailing market rate in the community."  <u>Id.</u>  Further, the fee applicant "has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel," to show that the rates are reflective of reasonable prevailing rates for similar services.  <u>Jordan v. Multnomah County</u>, 815 F.2d 1258, 1263(9th Cir. 1987).  If the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation, it is deemed to be reasonable.

In Defendants' Supplemental Memorandum, Defendants request the following rates: $400/hour for Attorney James R. Noblin; $90/hour for Paralegal Sherry Fujioka; $250/ hour for Attorney Robert A. Marks; $400/hour for Attorney

Alicia G. Rosenberg; $600/hour for Attorney Maxwell M. Blecher; $140/hour for Legal Assistant Antoinette Shilkevich; $90/hour for Paralegal Donna Goya.

In general, the prevailing maximum hourly rate this Court has awarded for senior attorneys in the Hawai'i community is $275/hour and the maximum hourly rate for paralegals and legal assistants is $90/hour. Accordingly, the Court will apply an hourly rate of $275/hour for Attorney James R. Noblin; $90/hour for Paralegal Sherry Fujioka; $250/hour for Robert A. Marks; $275/hour for Attorney Alicia G. Rosenberg; $275/hour for Attorney Maxwell M. Blecher; $90/hour for Legal Assistant Antoinette Shilkevich; $90/hour for Paralegal Donna Goya.

## 2. Hours Reasonably Expended

In determining the number of hours reasonably expended in the State Court Action, the Court will first evaluate whether the work completed in the State Court Action is useful in the present action.

The Court will award fees for work related to the pro hac vice applications because this work is not useful in the current litigation. The Court will also award fees relating to scheduling matters, since this work is also not useful in the present action. Finally, the Court finds that requests for fees for entries under Case Development and Administrative Tasks and Motions Practice

12

related to the protective order are not useful in the present action and the Court will award fees for these tasks.  While some of the arguments in Defendants' Motion for Protective Order filed in the State Court Action are the same as those in Defendants' Motion to Dismiss filed in the present action, the crux of the argument in Defendants' Motion for Protective Order deals with staying discovery in the State Court Action.  As such, the issue of staying discovery is particular to the State Court Action and is not useful in the present case.

Defendants' requests for fees for entries under Case Development and Administrative Tasks and Motions Practice that relate to discovery will be denied. Defendants have failed to carry their burden of proving that the work and activities described are not useful in the present action.[4]  The Court further finds that the discovery requests in the State Court Action are likely to be relevant and/or usable in the present case.

Beyond establishing a reasonable hourly rate and determining what costs are allowable, a party seeking attorneys' fees must demonstrate that the fees and costs taxed are reasonably necessary to achieve the results obtained.  <u>See</u>

---

[4]Although Defendants argue that the work was done in accordance with Hawaii Civil Procedure Rules and as such is not applicable in the current case, the underlying substantive law and the discovery requests upon which their work was based is useful in the current case.

13

Tirona v. State Farm Mut. Auto Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993).

The Court must guard against awarding fees and costs which are excessive, and

must assess the extent to which fees and costs are self-imposed and could have

been avoided.  See id. at 637 (citing IVST Fin. Group v. Chem-Nuclear Sys., 815

F.2d 391, 404 (6th Cir. 1987), cert. denied, 484 U.S. 927 (1987)).

    The court has "discretion to 'trim fat' from, or otherwise reduce, the

number of hours claimed to have been spent on the case."  Soler v. G & U, Inc.,

801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted);  see also Gates, 987

F. 2d at 1399.  Time expended on work deemed "excessive"shall not be

compensated.  See id.

    In determining a reasonable number of hours, the court may, in its

discretion, exclude hours that are excessive or duplicative.  See Hensley, 461 U.S.

at 434.  A reduction in hours is appropriate where counsel's billing records indicate

substantial duplication of effort or inefficiency.  See id.  ("Counsel...should make a

good-faith effort to exclude from a fee request hours that are excessive, redundant,

or otherwise unnecessary."); see also Schwarz v. Sec'y of Human Services, 73

F.3d 895, 909 (9th Cir. 1995) (affirming district court's reduction of fees due to

excessive hours claimed by counsel).

14

In addition, a court may reduce the number of hours where counsel has provided inadequate documentation.  Doe v. Keala, 361 F. Supp. 2d 1171, 1184 (D. Haw. 2005) (citations omitted).  "Counsel should, at the very least, 'identify the general subject matter of his time expenditures.'"  Id.  (quoting Hensley, 461 U.S. at 437 n. 12).

Finally, the party seeking the fee award  bears the burden of submitting evidence to support the hours worked, while the party "opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and the reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits."  Gates, 987 F.2d at 1397-98 (citing Blum, 465 U.S. at 892 n. 5); see also Hensely, 461 U.S. at 433.

After a review of the time entries submitted by Defendants' counsel, the Court finds that numerous time entries contain inadequate descriptions of the work performed and/or are excessive.  Moreover, some of the time entries are "block entries" and do not comply with Local Rule 54.3(d)'s requirement that the "description of the work performed by each attorney and paralegal [be] broken down by hours or fractions thereof expended on each task."  L.R. 54.3(d).  See Alicia F v. Dep't of Educ., 2006 U.S. Dist. LEXIS 95562 (D. Haw. 2006)

("'[b]lock billing' refers to the practice of recording the various tasks performed on a case, but entering only a total time spent collectively on those tasks, rather than entering the time spent on each discrete task.").  The Court awards Defendants attorneys' fees as follows.

CASE DEVELOPMENT/ ADMINISTRATIVE  TASKS

| Attorney | Hrs. | Adj. Rate | Fees | Description | Awarded | Reason |
|---|---|---|---|---|---|---|
| Mr. Noblin | .2 | $275 | $55 | Prep. of pro hac vice app (11/10/06) | $55 | Pro hac vice is specific to State Court Action |
| Mr. Noblin | .2 | $275 | $55 | Emails to co-counsel (Marks) re local practice requirements re Aloha's subpoena to Hawaiian (11/2/06) | 0 | Discovery probably useful in present case |
| Mr. Noblin | .3 | $275 | $82.5 | Analyze Aloha's subpoena to D. Joe Black (11/7/06) | 0 | Discovery probably useful in present  case |

| Mr. Noblin | .7 | $275 | $280 | Emails with co-counsel (Marks) re local practice requirements for motion for protective order (11/7/06) | $192.5 | Protective Order appears specific to State Court Action |
|---|---|---|---|---|---|---|
| Mr. Noblin | 1.2 | $275 | $330 | Research and prepare letter to opposing counsel (Crockett) pursuant to Hawaii Civ. Pro 26©) re motion for protective order (11/7/06) | $330 | Protective Order appears specific to State Court Action |
| Mr. Noblin | .6 | $275 | $165 | Review letter from counsel for Hawaiian Airlines (Levinson) re response to Aloha's subpoena and prepare letter to Levinson in response(11/9/06) | 0 | Discovery probably useful in present case |

| Mr. Noblin | .8 | $275 | $220 | Emails w/ co-counsel (Marks) re local practice requirements re motion to dismiss and motion for protective order (11/9/06) | $110 | Hrs. are reduced by half; Motion to Dismiss is probably useful in the present action; Protective Order appears specific to the State Court Action |
| Mr. Noblin | 2 | $275 | $550 | Prepare proposed protective order governing discovery (11/9/06) | $550 | Protective Order appears specific to State Court Action |

18

| Mr. Noblin | .6 | $275 | $165 | Telephone conference with opposing counsel (Hicks) pursuant to Hawaii Rule Civ. Pro. 26© to confer re Mesa's proposed motion to dismiss based on preemption and motion for protective order (11/10/06) | $165 | Work not apparently useful in the present action |
| Mr. Noblin | .2 | $275 | $55 | Emails with co-counsel (Marks) re scheduling motions (11/14/06) | $55 | Scheduling not useful in the present action |

| | | | | | | |
|---|---|---|---|---|---|---|
| Mr. Noblin | .7 | $275 | $192.5 | Prepare letter to opposing counsel (Hicks) pursuant to Hawaii Rule Civ. Pro. 26© re Mesa's proposed motion to dismiss based on preemption and motion for protective order (11/15/06) | $96.25 | Hrs. reduced by half; Motion to Dismiss is probably useful in the present action; Protective Order appears specific to the State Court Action |
| Mr. Noblin | .3 | $275 | $82.5 | Telephone call with co-counsel (Marks) re local practice requirements re scheduling motions (11/21/06) | $82.5 | Scheduling not useful in the present action |
| Mr. Noblin | .2 | $275 | $55 | Emails with co-counsel (Marks) re preparation for meet and confer with opposing counsel (11/28/06) | $55 | Meetings are not useful in the present action |

| | | | | | | |
|---|---|---|---|---|---|---|
| Mr. Noblin | .3 | $275 | $82.5 | Emails with opposing counsel (Hicks) re coordination of Mesa's motion practice and Aloha's outstanding discovery requests (11/29/06) | $82.5 | Scheduling not useful in the present action |
| Mr. Noblin | .3 | $275 | $82.5 | Emails with opposing counsel (Hicks) re scheduling and coordination of Mesa's motion practice and Aloha's outstanding discovery requests (11/30/06) | $82.5 | Scheduling not useful in the present action |
| Ms. Fujioka | .7 | $90 | $63 | Prohac vice application for Messrs Blecher and Noblin (11/7/06) | $63 | Pro hac vice is specific to State Court Action |

| | | | | | | |
|---|---|---|---|---|---|---|
| Ms. Fujioka | .8 | $90 | $72 | Pro hac vice app for Messrs. Blecher and Noblin (11/8/06) | $72 | Pro hac vice is specific to State Court Action |
| Mr. Marks | .3 | $250 | $75 | Emails with Mr. Noblin re hearing pro hac vice motion and declaration (11/9/06) | $75 | Pro hac vice is specific to State Court Action |
| Mr. Marks | 1.5 | $250 | $375 | Prepare stipulation admitting counsel pro hac vice (11/10/06) | $375 | Pro hac vice is specific to State Court Action |

DISCOVERY

| Attorney | Hrs. | Adj. Rate | Fee | Description | Awarded | Reason |
|---|---|---|---|---|---|---|
| Ms. Rosenberg | 6 | $275 | $1650 | Research and prepare Mesa's objections and responses to Aloha's notice of deposition of Mesa under Haw. R. Civ. P. 30(b)(6), Aloha's notice of deposition and subpoena to D. Joe Bock and Aloha's subpoena duces tecum to Hawaiian (11/28/06) | 0 | Discovery probably useful in present case |
| Mr. Noblin | .8 | $275 | $220 | Review and revise Mesa's objections to Aloha's discovery requests (11/29/06) | 0 | Discovery probably useful in present case |

| Ms. Rosenberg | 8.3 | $275 | $2282.5 | Legal research re e-discovery; research and prepare D Bock's objections to Aloha's notice of depo and subpoena; revise Mesa's objections to Aloha's notice of depo of Mesa under Haw. R. Civ. P. 30(b)(6), Aloha's notice of depo and subpoena to D Bock and Aloha's subpoena duces tecum to Hawaiian (12/4/06) | 0 | Discovery probably useful in present case |

| Ms. Rosenberg | 1 | $275 | $275 | Revise and finalize Joe Bock's Objections to Aloha's notice of deposition and subpoena to Bock; Revise and finalize Mesa's objections to Aloha's notice of depo of Mesa under Haw. R. Civ. P. 30(b)(6), Aloha's notice of depo and subpoena to D Bock and Aloha's subpoena duces tecum to Hawaiian (12/06/06) | 0 | Discovery probably useful in present case |
| Mr. Marks | 1.6 | $250 | $400 | Review and forward comments to co-counsel (Noblin) re responses to Aloha's discovery (11/29/06) | 0 | Discovery probably useful in present case |

MOTIONS PRACTICE

| Attorney | Hrs. | Adj. Rate | Fee | Description | Awarded | Reason |
|---|---|---|---|---|---|---|
| Mr. Blecher | .3 | $275 | $82.5 | Conference w/ Ms. Rosenberg re motion for protective order (11/27/06) | $82.5 | Protective Order appears specific to State Court Action |
| Ms. Rosenberg | 7.7 | $275 | $2117.5 | Conference with Mr. Blecher re motion for protective order; Legal research standards for protective order under Hawaii law; Prepare memo of law (11/27/06) | $1694 | Protective Order appears specific to State Court Action, Hrs. reduced by 20% for block billing |
| Ms. Rosenberg | 2.5 | $275 | $687.5 | Legal research re objections to discovery for motion for protective order (11/29/06) | $687.5 | Protective Order appears specific to State Court Action |

| | | | | | | |
|---|---|---|---|---|---|---|
| Ms. Rosenberg | 6.7 | $275 | $1842.5 | Prepare memo of law; conference with Mr. Noblin re memo (11/30/06) | $1474.00 | Reduced by 20% for block billing |
| Mr. Noblin | .3 | $275 | $82.5 | Conference with Ms. Rosenberg re motion for protective order (11/30/06) | $82.5 | Protective Order appears specific to State Court Action |
| Ms. Shilkevich | .4 | $90 | $56 | Cite check memo of law (11/30/06) | $56 | Protective Order appears specific to State Court Action |
| Ms. Rosenberg | 7.2 | $275 | $1980 | Research file history and prepare Noblin declaration and exhibits (12/1/06) | $1584.00 | Reduced by 20% for block billing |
| Ms. Shilkevich | .5 | $90 | $70 | Cite check memo of law (12/1/06) | $70 | Protective Order appears specific to State Court Action |

| Ms. Shilkevich | .5 | $90 | $70 | Proofread motion for protective order (12/4/06) | $70 | Protective Order appears specific to State Court Action |
|---|---|---|---|---|---|---|
| Ms. Rosenberg | 6.4 | $275 | $1760 | Legal research re protective order and revise memo of law; prepare motion for protective order and notice of hearing; revise declaration of Mr. Noblin (12/5/06) | $1408 | Protective Order appears specific to State Court Action, Hrs. reduced by 20% for block billing |
| Ms. Rosenberg | 3.2 | $275 | $880 | Revise and finalize motion for protective order, memo of law, notice of hearing and declaration of Mr. Noblin (12/06/06) | $880 | Protective Order appears specific to State Court Action |

| Mr. Marks | 1.8 | $250 | $450 | Review and comment on Motion for Protective Order; conform same to local practice requirements (12/7/06) | $450 | Protective Order appears specific to State Court Action |
| Ms. Goya | 2 | $90 | $180 | Prepare motion for protective order for filing 12/7/06 | $180 | Protective Order appears specific to State Court Action |
| Ms. Goya | 2.2 | $90 | $198 | Prepare motion for protective order for filing (12/8/06) | $198 | Protective Order appears specific to State Court Action |

ATTENDING COURT HEARINGS

| Attorney | Hrs. | Adj. Rate | Fee | Description | Awarded | Reason |
|---|---|---|---|---|---|---|
| Mr. Marks | 1.2 | $250 | $300 | Attend hearing on Aloha's motion to admit counsel pro hac vice (11/10/06) | $300 | Attendance at court hearing is useful only in State Court Action |

Accordingly, the Court awards the Defendants a total of $11,657.75 for attorneys' fees under Rule 41(d).

F.  Costs

Defendants request the following costs: 1) $2,800.00 for pro hac vice/bar admissions for Mr. Blecher and Mr. Noblin for 2006 and 2007; 2) $485.73 for computerized legal research; 3) $104.47 for fax/telephone charges; and 4)$120.03 for federal express charges.[5]  Under Rule 41(d), a party can recover "reasonable" costs as long as they are not related to work products that can be used in the second action.  Zucker v. Katz, 1990 U.S. Dist. LEXIS 1748, 1990 WL 20171at *9.  Costs recoverable under Rule 41(d) can include telephone costs, research costs, postage and express delivery costs so long as they are not useful to the present action.  Id.  The Court finds that Defendants can recover costs for the pro hac vice applications since those costs are not useful in the present action.  However, the requests for all other costs made by Defendants are not itemized or attributed to a specific work activity and the Court cannot determine whether or not they will be useful in the present action.  As such, the Court will not award Defendants these costs.  See Esquivel, 913 F. Supp. at 1382 (refusing to award

_____

[5]The Defendants withdrew their request of $119.24 for copying fees. See Statement of Consultation.

30

costs for items, such as telephone calls and mail expenses, because they were not specifically itemized).  Accordingly, the Defendants are awarded a total of $2,800.00 in costs under Rule 41(d).

CONCLUSION

After careful consideration of the supporting, supplemental, opposing and reply memoranda and the record herein, the Court FINDS and RECOMMENDS that Defendant be awarded a total of $11,657.75 in attorneys' fees and $2,800.00 in costs for a total award of $14,457.75.  The Court, in its discretion under Rule 41(d), declines to grant a stay of proceedings.

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, July 20, 2007.



_____
Kevin S.C. Chang
United States Magistrate Judge

Civ. No. 07-00007 DAE-KSC; <u>Aloha Airlines, Inc., et al. v. Mesa Air Group, Inc., et al.</u>, Findings and Recommendation to Award Attorneys' Fees and Costs